JUDGE CEDARBAUM

# 11 CV 3906

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT NEW YORK

------------------------------------------------------- x

SKIDMORE, OWINGS & MERRILL LLP,

              Plaintiff,

    - against –

JAY MARSHALL STRABALA , individually
and d/b/a/ 2DEFINE ARCHITECTURE

         Defendant.

------------------------------------------------------- x

:
:
:
:
:
:
:
:
:

09 Civ.

ECF CASE

COMPLAINT



Plaintiff Skidmore, Owings & Merrill LLP ("SOM"), by and through its undersigned attorneys Davis Wright Tremaine LLP, as and for its complaint herein against Jay Marshall Strabala ("Strabala"), individually and doing business as 2DEFINE Architecture ("2DEFINE"), respectfully alleges as follows:

## NATURE OF THE ACTION

1.    This is an action for copyright infringement, unfair competition, and false advertising arising under the statutes of the United States, and for common-law unfair competition arising from the false and misleading statements of defendant Strabala and the architectural firm 2DEFINE under which name he does business, about the true origin and source of certain architectural and design services, and defendant's unauthorized uploading, reproduction and display of certain copyrighted images and plans owned by SOM.

2.    SOM is one of the preeminent architecture, interior design, urban design and planning, and engineering firms in the United States. Over its seventy-five year history, SOM has designed and constructed numerous iconic skyscrapers and other complex, large-scale architectural projects in the United States and around the world, including the Burj Khalifa in

Dubai, United Arab Emirates (the "Burj"), which was completed in January 2010 and is currently the tallest building in the world, and the Nanjing Greenland Financial Center ("Nanjing Greenland") in Nanjing, China, which is the seventh-tallest building in the world.

3.      In or about 2010, Strabala, a former SOM employee, founded his own architectural design practice named 2DEFINE setting himself up as a direct competitor to SOM and other architectural firms that design skyscrapers.  Since that time, on 2DEFINE'S website at www.define-arch.com, on the website www.flickr.com, and in oral presentations to audiences including potential clients of both plaintiff and defendant, defendant has falsely described Strabala as the sole designer and/or the lead designer for the Burj and Nanjing Greenland projects, when in reality SOM designed these projects, and Strabala was but one of a large team of SOM employees involved in these projects, with only a very limited role in the design of either project.  Defendant has also made other material misrepresentations of fact that vastly exaggerate the role of Strabala on SOM projects and minimize – or omit outright – SOM's role as the designer of these projects.

4.      These misrepresentations of fact are material and are calculated to confuse and deceive the consuming public for architectural services, including owners, developers, contractors, and those engaged in the development and construction of high-rise and super-tall buildings, into believing that Strabala and 2DEFINE have more experience and expertise at providing architectural services than they actually possess, and that they can provide services comparable to those of their competitors at lower cost.  By exaggerating the nature and scope of the services that Strabala performed on SOM's internationally renowned architectural projects, and by attempting to pass off SOM's services as his own, Strabala seeks to convince potential customers to retain the services of his smaller firm, 2DEFINE, rather than the services of SOM.

5.     In furtherance of that plan and scheme, since about 2010, on 2DEFINE'S website at www.define-arch.com, on the website www.flickr.com, and in oral presentations to potential clients, defendant has reproduced and displayed SOM's copyrighted works without SOM's permission in blatant violation of copyright law and the terms of his employment at SOM.

6.     By his actions, defendant has willfully infringed SOM's copyrights in violation of federal copyright law; misrepresented and falsely advertised defendant's services under the Lanham Act, 15 U.S.C. § 1051 *et seq.*; and engaged in unfair competition under the Lanham Act and the common law.

7.     Accordingly, plaintiff seeks to preliminarily and permanently enjoin defendant from making false or misleading representations about the nature, characteristics, and qualities of defendant's services or commercial activities, and from passing off plaintiff's services or commercial activities as his own; and from reproducing, publishing, distributing, or displaying, copyrighted materials owned by SOM or creating derivative works based on those copyrighted materials.

**THE PARTIES**

8.     Plaintiff, Skidmore, Owings & Merrill LLP, is a New York limited liability partnership with its principal place of business at 14 Wall Street, New York, NY, 10005.  SOM maintains additional offices in Chicago, San Francisco, Mexico, Abu Dhabi, Washington, DC, London, Hong Kong, and Shanghai.

9.     Defendant Jay Marshall Strabala is an individual who, upon information and belief, resides at 860 North Lake Shore Drive, Suite 19L, Chicago, Illinois 60611.

10.     Upon information and belief, 2DEFINE Architecture, a fictitious name under which Strabala does business, is an architectural design firm that maintains an office at 860

North Lake Shore Drive, Suite 19L, Chicago, Illinois 60611, as well as offices in Shanghai, China and Seoul, South Korea.

## JURISDICTION AND VENUE

11.     This action arises under and pursuant to the Copyright Act of 1976, as amended, 17 U.S.C. § 101 *et seq.*; under the Lanham Act, 15 U.S.C. § 1051 *et seq.;* and under the common law of unfair competition.

12.     This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) and (b) because it arises under the copyright and trademark laws of the United States.

13.     Venue in this action lies in the Southern District of New York pursuant to 28 U.S.C. §§ 1391(b), (c) and (d) and 1400(a).

14.     The Court has personal jurisdiction over defendant pursuant to Fed. R. Civ. P., Rule 4(k)(1)(A) and C.P.L.R. § 302, because, upon information and belief, defendant committed the torts of copyright infringement, false advertising, and unfair competition without the State of New York causing injury to person or property within the State, and reasonably should have expected that these torts would have and will continue to have consequences within this State, where plaintiff formed and maintains its principal place of business and where some of plaintiff's clients are located; and defendant derives substantial revenue from interstate or international commerce.

15.     Defendant has purposely availed himself of the protections of the State of New York by means of the New York State architecture license granted to Strabala, bearing registration number 029899, currently registered through the last day of March 2012.

16.     In addition, upon information and belief, Strabala has traveled to and within the States of New York for research and business development purposes.

4

## FACTUAL BACKGROUND

*SOM*

17.     Since its founding in 1936, SOM has designed many iconic and distinctive buildings, including the Sears Tower in Chicago; Lever House in New York; the U.S. Air Force Academy in Colorado Springs, Colorado; the John Hancock Tower in Chicago; the Time Warner Center in New York; and the Bank of America World Headquarters in San Francisco. Among SOM's recent projects are the Freedom Tower at 1 World Trade Center; the redevelopment of New York's Pennsylvania Station; and the NATO Headquarters in Brussels, Belgium. SOM has completed more than 10,000 projects across the United States and in more than 50 countries around the world.

18.     Over its seventy-five year history, SOM has received more than 900 design awards. It is the only architecture firm to have twice won the Firm of the Year Award from the American Institute of Architects, including in the first year the prize was awarded.

19.     SOM has particular expertise in the design of super-tall buildings, including the Sears Tower, which maintained the status of the tallest building in the world for more than twenty years, and the Burj Khalifa in Dubai, which is currently the tallest building in the world.

20.     SOM's designs are created by teams of architects, designers, engineers, and other professionals. SOM, rather than any individual person, is the architectural designer of all SOM projects. SOM owns the copyright *ab initio* on all work performed by its employees as works for hire, including renderings, models, drawings, sketches, designs, photographs, and architectural plans, although, in connection with a limited number of its projects, the copyright in the building design and/or architectural plans is assigned to, or co-owned with, its clients.

*__Strabala and 2DEFINE__*

21.     Defendant Strabala was employed by SOM, working out of its Chicago, Illinois office from November 1, 1989 to February 17, 2006.  Initially his job title was "Architect D". He rose through the ranks to become Architect "E" in 1991; "Associate" in 1993, and "Associate Partner" in 2001.  Strabala never became a partner in SOM.

22.     While employed by SOM, Strabala worked on a number of teams for different projects, including teams involved with the design of the Burj Khalifa and the Nanjing Greenland.  Each of these teams included more that 100 SOM employees.

23.     The Burj is 828 meters (2,717 feet) high and has 160 floors.  It includes residential space, office space, a hotel and the highest outdoor observation deck in the world. Construction began in September 2004.  The exterior of the building was completed in October 2009, and the building officially opened in January 2010.  The design required over 420,000 hours.

24.     The American Institute of Architects, the leading professional membership association for licensed architects, publishes a handbook and model contracts that describe the five phases of services provided by architects on architectural projects and the order in which they occur:

1.   Schematic Design Phase

2.   Design Development Phase

3.   Construction Document Phase

4.   Bidding and Negotiation Phase

5.   Construction Phase

25.     The vast majority of Strabala's work on and in connection with the Burj Khalifa project occurred in the Construction Document Phase *after* most of the design concepts were completed.

26.     The Nanjing Greenland Financial Center is 450 meters (1,480 feet) high and has 66 floors.  The building contains retail, hotel, and office space, restaurants, and a public observatory.  Construction began in 2005 and was completed in 2010.

27.     For the Nanjing Greenland project, Strabala billed a total of 482 hours out of a total of 69,786 man hours required for the project.

28.     In or about 2010, Strabala launched his own firm, 2DEFINE.  The firm's website at www.define-arch.com describes 2DEFINE as "a new Architectural Design practice based between Chicago, Seoul and Shanghai" and touts Strabala's and 2DEFINE's specialization in "complex high profile projects".

29.     The website offers Strabala's and 2DEFINE's architectural services in interstate and international commerce.

30.     Upon information and belief, Strabala owns and controls, and is the only licensed architect at, 2DEFINE.  2DEFINE's website lists no other architects and no other partners.

***Defendant's Misrepresentations***

31.     Seeking to capitalize on the fame and goodwill associated with SOM and its renowned architectural and design services, Strabala blatantly promotes himself and 2DEFINE on his website at www.define-arch.com by claiming that he "has design[ed] three of the ten tallest buildings in the world", including the Burj and the Zifeng Tower at the Nanjing Greenland.  Nowhere on the website does Strabala mention SOM's role in these projects.

32.     The website also claims that Strabala "has designed more than $13.5 billion of projects of which an impressive $3.6 billion are built today and another $3.1 billion are underway".  Upon information and belief, these totals include buildings designed by SOM, not by Strabala or 2DEFINE.

33.     The website claims that Strabala "has completed award winning projects in Beijing, Seoul, Dubai, London, Hong Kong, and Saudi Arabia".  Upon information and belief, these award-winning projects were buildings designed by SOM, not by Strabala.

34.     The www.define-arch.com website also misrepresents Strabala's job experience and title at SOM, claiming, "For 19 years he was the Associate Partner in charge of Design at Skidmore Owings & Merrill".  In fact, Strabala worked at SOM for about sixteen years, was an "Associate Partner" for only five of those years, and was never "the Associate Partner in charge of Design".

35.     On another website, www.flickr.com, Strabala promotes himself and 2DEFINE using statements such as the following:

> An American architect, Marshall Strabala has designed three of the world's 10 tallest buildings. This includes the 808-meter (2650-feet) Burj Khalifa (model of building lobby pictured), the world's tallest building completed in 2009 in Dubai, United Arab Emirates. . . . Strabala designed the Burj Khalifa as an Associate Partner in Charge of Design at Skidmore Owings Merrill LLP.

http://www.flickr.com/photos/architectural-design/collections/72157623881254421/

and

> The Nanjing Greenland Financial Center in Nanjing, China was completed in April 2010. It is the second tallest building in China, and the 7th tallest building in the world.  Designed by architect Marshall Strabala, the 89-story tower features office space, the 500-room Intercontinental Nanjing Hotel, retail space and underground parking. . . . Marshall Strabala designed the building while he was Associate Partner at Skidmore Owings & Merrill, LLP.

http://www.flickr.com/photos/architectural-design/4581308469/in/set-72157623881123507

36.     On the Flickr website, at http://www.flickr.com/photos/architectural-design/3059343824/in/photostream, defendant falsely describes his role in the design of the Hong Kong Convention and Exhibition Centre, which he claims was "[d]esigned by architect Marshall Strabala".  SOM, not Strabala, designed the Hong Kong Convention and Exhibition Centre.

37.     On the Flickr website, at http://www.flickr.com/photos/architectural-design/4636862203/, defendant falsely describes his role in the design of King Abdullah Economic City, for which he claims "[a]rchitect Marshall Strabala designed the master plan . . . as an Associate Partner in Charge of Design at Skidmore Owings Merrill LLP".  SOM, not Strabala, designed the master plan for King Abdullah Economic City.

38.     Strabala made similar false and misleading statements during a presentation to actual and prospective builders and developers of skyscrapers worldwide (the "Presentation"), at the Fourth Annual Ultra-High-Rise Summit (the "Summit") in Hong Kong on March 22-23, 2011.  During that Presentation, titled *Quality in Supertall Buildings*, Strabala described himself as the designer of three of ten of the world's largest buildings and as "in charge of design" for the Burj and Nanjing Greenland.  Strabala did not mention SOM at all during the Presentation.  At the Summit, Strabala also described himself as having worked directly with the owner of the Burj, Sheik Mohammed.

39.     These statements are false and defendant knew that they were false at the time he made those statements.  SOM, *not* Strabala, designed the Burj and the Nanjing Greenland.  Strabala was *not* "in charge of design" for either project.  Strabala did *not* work directly with Sheik Mohammed.

9

40.     The Summit is an industry conference attended by professionals in the field of high-rise architecture, including architects, contractors, developers, and potential clients interested in creating super-tall buildings.  It is not an academic conference.   Strabala's purpose in making the Presentation at the Summit was to promote the services of himself and 2DEFINE to potential clients.

41.     Some attendees at the Summit were actually confused about whether the SOM buildings depicted in Strabala's Presentation were in truth or in fact designed by Strabala or were, rather, designed by SOM.   Upon information and belief, other attendees believed that Strabala designed those buildings when he did not.

42.     Upon information and belief, Strabala has made similar oral statements in additional pitches, presentations, interviews and/or marketing material elsewhere in the world, including in the United States and the State of New York.

43.     A true and correct copy of the PowerPoint slides that Strabala displayed at the Summit in connection with his Presentation, bearing the logo of 2DEFINE Architecture, is annexed hereto as Exhibit A.

44.     Defendant also distributed, or caused to be distributed, copies of these slides to attendees at the Summit.

45.     Upon information and belief, defendant created Exhibit A in the United States.

### *Defendant's Infringement of SOM's Copyrights*

46.     Exhibit A contains numerous images the copyrights in which are owned or co-owned by SOM including the following:

- A compilation of images created by SOM in connection with Nanjing Greenland, and co-owned by SOM and Nanjing State-Owned Assets & Greenland Financial Center Co., Ltd., is the subject of United States Copyright Registration

#VAu001065986. A printout from the United States Copyright Office Website showing the existence of that registration in the Public Catalog is annexed hereto as Exhibit B. The images submitted in connection with that Copyright Registration are annexed hereto as Exhibit C.

- A compilation of plans created by SOM in connection with Nanjing Greenland, and co-owned by SOM and Nanjing State-Owned Assets & Greenland Financial Center Co., Ltd., is the subject of United States Copyright Registration #VAu001065999. A printout from the United States Copyright Office Website showing the existence of that registration in the Public Catalog is annexed hereto as Exhibit D. The images submitted in connection with that Copyright Registration are annexed hereto as Exhibit E.

- In addition, plaintiff has pending copyright applications for additional materials created by SOM in connection with the Nanjing Greenland project, which likewise appear in the Presentation.

47. The images that are the subject of the above-described applications are original works of authorship, all rights in and to which are owned or co-owned by SOM.

48. The architectural plans and images are SOM's copyrighted materials and appear in the Presentation. For instance, an image from the fourth page in Exhibit C (reproduced at left below), a rendering of Nanjing Greenland, appears on page 16 of Exhibit A (reproduced at right below).




49. Images from the second page in Exhibit E (a portion of which is reproduced at left below), plans of Nanjing Greenland, appear on page 19 of Exhibit A (a portion of which is reproduced at right below).

11

 

50. In addition to these representative examples, numerous other examples of SOM's copyrighted images appear in Exhibit A, including images on pages 14 through 20.

51. Defendant and/or his agents have also uploaded SOM's copyrighted images to the Internet, where they are publicly available to anyone with an Internet connection. For instance, defendant or his agents have set up a page at http://www.flickr.com/photos/architectural-design/collections/72157623881254421/ that promotes Strabala and 2DEFINE, and links to several collections of images uploaded by defendant or his agents. One such collection includes the image at http://www.flickr.com/photos/architectural-design/3058584415/in/set-72157623881123507 (reproduced at right below) which is a cropped version of the rendering of Nanjing Greenland that appears as the second image in Exhibit C (reproduced at left below).




Defendant credits the image to SOM on the Flickr website, but at no time has plaintiff authorized defendant to display or distribute these copyrighted works. Upon information and belief, defendant did not request or receive permission from Nanjing State-Owned Assets & Greenland Financial Center Co., Ltd. to display or distribute images co-owned by that entity prior to uploading these images.

52.    Defendant uploaded SOM's copyrighted images, or caused them to be uploaded, in the United States to websites including www.define-arch.com and www.flickr.com.

53.    Upon information and belief, Strabala made copies of SOM's copyrighted images while employed by SOM in Chicago, and retained them after terminating his employment there. In addition to violating SOM's exclusive rights to reproduce and distribute its copyrighted images, such copying violated the terms of Strabala's employment according to the terms of the

SOM Employee Manual, the relevant pages of which are annexed hereto as Exhibit F, which clearly prohibits employees' taking architectural plans with them when they leave the firm.

### *Continuation and Results of Defendant's Conduct*

54.     Despite due demand in writing, defendant has failed and refused to cease his false statements and misrepresentations of fact and his infringements of plaintiff's copyrights.

55.     Defendant Strabala is scheduled to speak at another industry conference, Tall Buildings Middle East, in Doha, Qatar on June 20, 2011.  According to the Tall Buildings Middle East website at http://www.iqpc.com/Event.aspx?id=471984, attendees will include developers, main contractors, architects, consultants, government and advisory bodies, and solution providers.  Based upon defendant's past conduct, plaintiff has reason to believe, and fears, that it is likely that defendant's remarks at this event will contain similar false statements and misrepresentations of fact about Strabala's, 2DEFINE's, and SOM's services, and that he will display and/or distribute slides containing SOM's copyrighted images.

56.     Defendant's conduct was intended to have, did have, and will continue to have an effect on plaintiff in New York and around the world.  By claiming sole credit for services SOM provided, defendant aggrandizes himself at the expense of plaintiff.  He is likely to confuse and has confused the relevant public, diminish plaintiff's goodwill, and damage plaintiff's ability to attract new clients and retain current clients.

### AS AND FOR A FIRST CLAIM FOR RELIEF
#### (Copyright Infringement)

57.     Plaintiff repeats and realleges paragraphs 1 through and including 56 set forth hereinabove, as if the same were fully set forth herein.

58. SOM's agents, on its behalf, have duly applied to register for copyright protection in the United States Copyright Office compiled works consisting of unpublished images created by SOM for the Burj Khalifa and Nanjing Greenland, and of unpublished architectural plans for Nanjing Greenland, and all formalities in connection therewith have been duly complied with. The works are therefore subject to valid and subsisting protection under the laws of the United States.

59. Defendant's actions as alleged herein constitute copyright infringement in violation of the Copyright Act, 17 U.S.C. § 101 *et seq.*

60. As a direct and proximate result of defendant's intentional acts as alleged herein, plaintiff has been injured, in an amount presently unknown and to be determined at time of trial.

61. Plaintiff is entitled to a preliminary and a permanent injunction because the injury that plaintiff has suffered and will continue to suffer unless defendant's acts of infringement are enjoined as requested herein is irreparable; plaintiff has no adequate remedy at law; considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and the public interest would not be disserved by a permanent injunction.

### AS AND FOR A SECOND CLAIM FOR RELIEF

#### (Unfair Competition Under the Lanham Act)

62. Plaintiff repeats and realleges paragraphs 1 through and including 56 set forth hereinabove, as if the same were fully set forth herein.

63. Defendant's actions as alleged herein constitute unfair competition under the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

64. In connection with defendant's offering of his services in interstate commerce, defendant has used and continue to use in interstate and international commerce, false and misleading representations of fact that are likely to confuse consumers – and, indeed, has already

15

caused such confusion – as to the affiliation, connection, or association between defendant's and plaintiff's services.

65.     By identifying SOM's work as defendant's own, defendant exaggerates the affiliation, connection, or association between the valuable services that SOM rendered on the Burj and Nanjing Greenland projects on the one hand, and the limited contributions of Strabala to those projects on the other.  In so doing, defendant has improperly benefited from the goodwill and reputation of SOM, and will continue to do so.

66.     Defendant also falsely represents the origin of defendant's services.  By identifying two of the signature projects that SOM conceived and designed as Strabala's own, defendant has engaged, and continues to engage, in reverse palming off.  The architectural services that defendant describes originated with SOM; defendant has falsely designated them as originating with Strabala.  These acts are likely to confuse consumers – and, indeed, have already caused such confusion – as to the source of the architectural services provided by SOM to the owners and developers of the Burj Khalifa and Nanjing Greenland projects.

67.     As a direct and proximate result of defendant's intentional acts as alleged herein, plaintiff has been injured, in an amount presently unknown and to be determined at time of trial.

68.     Defendant acted and continues to act intentionally, willfully, and with full knowledge of SOM's rights. This case is exceptional within the meaning of 15 U.S.C. § 1117.

69.     Plaintiff is entitled to a preliminary and a permanent injunction because the injury that plaintiff has suffered and will continue to suffer unless defendant's acts of infringement are enjoined as requested herein is irreparable; plaintiff has no adequate remedy at law; considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and the public interest would not be disserved by a permanent injunction.

16

## AS AND FOR A THIRD CLAIM FOR RELIEF

### (False Advertising Under the Lanham Act)

70.     Plaintiff repeats and realleges paragraphs 1 through and including 56 set forth hereinabove, as if the same were fully set forth herein.

71.     Defendant's actions as alleged herein constitute false advertising under the Lanham Act, 15 U.S.C. § 1125(a)(1)(B).

72.     In connection with the promotion and marketing of defendant's architectural and design services in interstate and international commerce, defendant has used and continues to use literally false and misleading representations of fact about the nature, characteristics, and qualities of those services, namely, falsely representing that Strabala was the designer of, and/or in charge of design for, the Burj, Nanjing Greenland, the Hong Kong Convention and Exhibition Centre, and King Abdullah Economic City.

73.     These false and misleading representations are material in that past experience in design of tall buildings and major architectural projects is a key factor in attracting new such projects.

74.     These representations are literally false.  In addition, the necessary implications of these false representations are (1) that Strabala possesses the experience and skill to design projects comparable to the Burj, Nanjing Greenland, the Hong Kong Convention and Exhibition Centre, and King Abdullah Economic City singlehandedly; and (2) that SOM was not the designer of the Burj, Nanjing Greenland, the Hong Kong Convention and Exhibition Centre, and King Abdullah Economic City.

75.     These false representations are likely to deceive, and have deceived, potential consumers for plaintiff's and defendant's services; and would be material to a purchaser of architectural services.

76.     As a direct and proximate result of defendant's intentional acts as alleged herein, plaintiff has been injured, in an amount presently unknown and to be determined at time of trial.

77.     Plaintiff is entitled to a preliminary and a permanent injunction because the injury that plaintiff has suffered and will continue to suffer unless defendant's acts of infringement are enjoined as requested herein is irreparable; plaintiff has no adequate remedy at law; considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and the public interest would not be disserved by a permanent injunction.

78.     Defendant acted and continues to act intentionally, willfully, and with full knowledge of SOM's rights. This case is exceptional within the meaning of 15 U.S.C. § 1117.

### AS AND FOR A FOURTH CLAIM FOR RELIEF

### (Common Law Unfair Competition)

79.     Plaintiff repeats and realleges paragraphs 1 through and including 56 set forth hereinabove, as if the same were fully set forth herein.

80.     SOM is one of the most world-renowned architectural firms, with vast experience in designing and administering large-scale architectural works.

81.     As a result of SOM's outstanding seventy-five year history, the consuming public for architectural services associates SOM with supertall buildings and other complex, large-scale architectural developments.

82.     By means of (i) claiming that Strabala has designed three of the ten tallest buildings in the world; (ii) claiming that Strabala designed, or was in charge of design for, the Burj; (iii) claiming that Strabala designed, or was in charge of design for, Nanjing Greenland, (iv) claiming that Strabala designed other SOM projects, such as the Hong Kong Convention and Exhibition Centre and King Abdullah Economic City, defendant has attempted to, and is likely to continue to, deceive and confuse the consuming public for architectural services into believing

that SOM's architectural services emanated from defendant, when in truth and in fact they did not.

83.    Defendant is passing off SOM's services as his own, which they most certainly are not.

84.    Defendant's actions are intentional, in bad faith, and designed to confuse and deceive the consuming public.

85.    As a direct and proximate result of defendant's intentional acts as alleged herein, plaintiff has been injured, in an amount presently unknown and to be determined at time of trial.

86.    Plaintiff is entitled to a permanent injunction because the injury that plaintiff has suffered and will continue to suffer unless defendant's acts of infringement are enjoined as requested herein is irreparable; plaintiff has no adequate remedy at law; considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and the public interest would not be disserved by a permanent injunction.

**PRAYER FOR RELIEF**

Wherefore, plaintiff respectfully requests that this Court enter judgment as follows:

1.    Preliminarily and permanently enjoining defendant and all those acting at his direction or pursuant to his control, from reproducing, publishing, distributing, advertising, displaying or otherwise disseminating any of SOM's copyrighted works without permission;

2.    Ordering defendant to deliver to plaintiff all copies of plaintiff's copyrighted work in defendant's possession;

3.    Preliminarily and permanently enjoining defendant and all those acting at his direction or pursuant to his control, from (i) making any claim stating or implying that Strabala or 2DEFINE designed, was "in charge of design for", or was the lead designer for any project designed by SOM, including but not limited to the Burj, Nanjing Greenland, the Hong Kong

19

Convention and Exhibition Centre, and King Abdullah Economic City; (ii) claiming that Strabala "completed award-winning projects", to the extent that statement describes projects completed by SOM; (iii) including the value of any SOM project among the total value of projects designed or completed by defendant; (iv) describing himself as having been "Associate Partner in charge of Design" at SOM; (v) making any other false or misleading representations that state or imply that SOM's architectural services emanated from plaintiff;

4.      Ordering defendant to place corrective advertising on the www.define-arch.com and www.flickr.com websites, stating that SOM is the designer of the Burj, Nanjing Greenland, the Hong Kong Convention and Exhibition Centre, and King Abdullah Economic City and that Strabala is not;

5.      Ordering defendant to account and pay as damages to plaintiff all profits and advantages gained from defendant's wrongful acts; and

6.      Granting plaintiff such other and further relief as to this Court shall seem just and proper.

Dated: New York, New York
       June 8, 2011

                                        Respectfully submitted,

                                        DAVIS WRIGHT TREMAINE LLP

                                        By:  _Marcia B. Paul_
                                             Marcia B. Paul (MBP 8427)
                                             Camille Calman (CC 4743)

                                             1633 Broadway

New York, NY 10019-6708
Phone (212) 489-8230
Fax (212) 489-8340
marciapaul@dwt.com
camillecalman@dwt.com

*Attorneys for Plaintiff Skidmore, Owings &
Merrill LLP*