UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                                                    :

SKIDMORE, OWINGS & MERRILL LLP,    :

               Plaintiff,                         :

       v.                                      :        No. 11-cv-3906 (MGC)

JAY MARSHALL STRABALA,            :        (By Special Appearance)
individually and d/b/a 2DEFINE          :
ARCHITECTURE,                           

               Defendant.                     :

------------------------------------------------------------x


MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'

MOTION TO DISMISS










                                                         William W. Chuang (WC3050)
                                                         Jakubowitz & Chuang LLP
                                                         401 Broadway Suite 408
                                                          New York, NY 10013
                                                          Tel:   (347) 542-8529

                                                          *Attorneys For Defendants*

# TABLE OF CONTENTS.

Preliminary Statement..................................................................................................1

Standard of Review.....................................................................................................1

Statement of Facts.......................................................................................................2

Standard of Review.....................................................................................................2

Argument....................................................................................................................4

    The court cannot exercise personal jurisdiction over Strabala consistent with the requirements of the New York long-arm statute or the Federal Due Process Clause. ........................................4

    I.    SOM has not shown the purposeful availment of New York law required by the Due Process Clause and the CPLR.

................................................................................................................6

    II.   Even assuming there were minimum contacts, exercising personal jurisdiction over the Defendants in this case would be unreasonable and would violate the Due Process Clause.

................................................................................................................11

Conclusion ................................................................................................................13

## PRELIMINARY STATEMENT

Defendant Jay Marshall Strabala, now a principal in 2Define Architecture ("Strabala"), left the employ of the Plaintiff, Skidmore, Owings & Merrill, LLP ("SOM"), in February 2006 and joined a competitor of SOM's. While in the employ of the competitor, Strabala designed a spectacular building, the Shanghai Tower, which will be the world's second tallest building when completed in 2014. SOM was in competition for the Shanghai Tower project, but lost to Strabala's design. Apparently in retribution, SOM filed this suit against Strabala, a nonresident defendant with few ties to New York.

Strabala, by special appearance, now moves to dismiss the action for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). He has no ties to New York aside from: a NY architectural license that he has not used contract any clients; a non-interactive, purely informational website that can be viewed in New York (and any place with Internet access) but refers solely to offices in Illinois, Shanghai, and South Korea; and communications with an international engineering firm with a New York office but solely regarding projects in Asia.

## STANDARD OF REVIEW

The plaintiff bears the burden of demonstrating that the court may exercise personal jurisdiction over the defendant. *See King County, Wash. v. IKB Deutsche Industriebank, AG*, 769 F. Supp. 2d 309, 313 (S.D.N.Y. 2011). In order to survive a motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2), the plaintiff must make a prima facie showing that jurisdiction exists. *See Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 242 (2d Cir. 2007);

1

*Alki Partners, L.P. v. Vatas Holding GmbH*, 769 F. Supp. 2d 478, 487 (S.D.N.Y. 2011). "'Such a showing entails making legally sufficient allegations of jurisdiction, including an averment of facts that, if credited, would suffice to establish jurisdiction over the defendant.'" *In re Terrorist Attacks on Sept. 11, 2001*, 740 F. Supp. 2d 494, 506 (S.D.N.Y. 2010) (quoting *Penguin Group (USA), Inc. v. Am. Buddha*, 609 F.3d 30, 35 (2d Cir. 2010)). Because personal jurisdiction is inherently a matter requiring the resolution of factual issues outside of the pleadings, all pertinent documentation submitted by the parties may be considered in deciding a motion to dismiss under Rule 12(b)(2). *M. Shanken Commc'ns, Inc. v. Variant Events, LLC*, No. 10 Civ. 4747 CM, 2010 WL 4159476, at *4 (S.D.N.Y. Oct. 7, 2010); *see also APWU v. Potter*, 343 F.3d 619, 627 (2d Cir. 2003) ("Where jurisdictional facts are placed in dispute, the court has the power and obligation to decide issues of fact by reference to evidence outside the pleadings, such as affidavits." (internal quotation marks omitted)). While allegations in the complaint are generally construed in the plaintiff's favor, conclusory allegations lacking factual specificity do not satisfy the plaintiff's burden of establishing jurisdiction. *See Alki Partners*, 769 F. Supp. 2d at 487; *King County*, 769 F. Supp. 2d at 313.

## STATEMENT OF FACTS

Strabala resides in Chicago, Illinois. (Decl. ¶ 2.)[1] Strabala worked for SOM in its Chicago office from 1989 to 2006. (*Id.* ¶ 3.) Since June 2010, Strabala has been a principal

---

[1] The Declaration of Jay Marshall Strabala in Support of Motion to Dismiss Pursuant to a Special Appearance is attached hereto as Ex. A.

2

in 2Define Architecture, which has its primary office in Shanghai, China, and other offices in Chicago and in Seoul, South Korea. (*Id.* ¶ 5.) Strabala and 2Define Architecture generate about 91% of their revenue in China, 8% in South Korea, and 1% in Malaysia. (*Id.* ¶ 30.) To date, Strabala and 2Define Architecture have generated no revenue in the United States. (*Id.*) 2Define Architecture's Chicago office is merely a production office that supports work in Asia. (*Id.*)

Neither Strabala nor 2Define Architecture has any offices, agents, employees, or bank accounts in the State of New York. (*Id.* ¶¶ 6, 7, 9.) Neither Strabala nor 2Define Architecture owns or leases any real or personal property in New York. (*Id.* ¶¶ 12, 13.) Neither Strabala nor 2Define Architecture has any contracts or has otherwise done any business with any entity located in New York. (*Id.* ¶¶ 8, 10, 14, 18.) Neither Strabala nor 2Define Architecture has even communicated, orally or in writing, with any entities resident in New York regarding their doing any business there whatsoever. (*Id.* ¶ 15.) Strabala and 2Define Architecture have had contacts about projects in Asia with Thornton Tomesetti, a structural engineering firm with offices around the world, including one in New York, New York; however, all of those contacts have been with the firm's Shanghai office. (*Id.* ¶¶ 11, 15.)

Strabala is a licensed architect in the States of California, Illinois, Texas and New York. (*Id.* ¶ 31.) Strabala obtained his New York license while in the employ of and at the request of SOM. (*Id.* ¶ 16.) However, Strabala has never entered into any contract with any entity in New York employing his New York architectural license. (*Id.* ¶ 17.)

3

Strabala and 2Define Architecture maintain the website www.define-arch.com. (*Id.* ¶ 21.) Information was uploaded to the website in China, not New York. (*Id.* ¶ 22.) The website contains only background and contact information. (*Id.* ¶ 21.) The website cannot be used to order architectural services or otherwise make a contract with Strabala and 2Define Architecture. (*Id.* ¶ 23.) The information on the website does not target any person or entity in New York and refers only to offices in Chicago, Shanghai, and Seoul, one of which must be contacted to do business with Strabala or 2Define Architecture. (*Id.* ¶ 24.)

Strabala and 2Define Architecture have uploaded photographs on Flickr, a third-party website owned by Yahoo, over which neither Strabala nor 2Define Architecture has any control beyond placing and removing content. (*Id.* ¶ 19.) The photographs were uploaded on Flickr in Illinois, not New York. (*Id.* ¶ 20.) Persons viewing the photographs uploaded by Strabala and 2Define Architecture on the Flickr website cannot do business with Strabala or 2Define Architecture through the Internet, but must instead contact one of their offices in Shanghai, Seoul, or Chicago. (*Id.* ¶ 32.)

## ARGUMENT

### THE COURT CANNOT EXERCISE PERSONAL JURISDICTION OVER STRABALA CONSISTENT WITH THE REQUIREMENTS OF THE NEW YORK LONG-ARM STATUTE OR THE FEDERAL DUE PROCESS CLAUSE.

To determine whether it has personal jurisdiction over a party, a court engages in a two-part analysis. *King County*, 769 F. Supp. 2d at 313. First, the court must determine "whether there is jurisdiction over the defendant under the relevant forum state's laws." *Id.*

4

If so, then the court must proceed to the second step and determine "whether an exercise of jurisdiction under these laws is consistent with federal due process requirements." *Id.*

In its jurisdictional allegations, SOM invokes only the specific jurisdiction provision in the New York long-arm statute dealing with tortious conduct out of state causing injury in state. (*See* Compl. ¶ 14.) This provision states, in relevant part, that

> [a]s to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary . . . who in person or through an agent . . . commits a tortious act without the state causing injury to person or property within the state . . . if he . . . expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce.

CPLR 302(a)(3)(ii). A plaintiff relying on this particular provision to establish personal jurisdiction must show that

> (1) the defendant committed a tortious act outside New York; (2) the cause of action arose from that act; (3) the tortious act caused an injury to a person or property in New York; (4) the defendant expected or should reasonably have expected the act to have consequences in New York; and (5) the defendant derived substantial revenue from interstate or international commerce.

*Penguin* at 302. Of course, even "[i]f these five elements are met, a court must then assess whether a finding of personal jurisdiction satisfies federal due process." *Id.*

SOM argues that its copyright infringement claim can be heard in New York because it formed and maintains its principal place of business within the state. (Complaint ¶ 14.) However, the Second Circuit ruled that even though the situs of injury for determining long-arm jurisdiction under CPLR § 302(a)(3)(ii) is the location of the copyright holder in

5

infringement cases involving the uploading of printed literary works, *Penguin* at 301-302,[2] this "does not open a Pandora's box allowing any nondomiciliary accused of digital copyright infringement to be haled into a New York court when the plaintiff is a New York copyright owner of a printed literary work." *Id.* at 307. Rather,

> CPLR 302(a)(3)(ii) incorporates built-in safeguards against such exposure by requiring a plaintiff to show that the nondomiciliary both "*expects or should reasonably expect the act to have consequences in the state*" and, importantly, "derives substantial revenue from interstate or international commerce." There must also be proof that the out-of-state defendant has the requisite "*minimum contacts*" with the forum state and that the prospect of defending a suit here comports with "traditional notions of fair play and substantial justice," as required by the Federal Due Process Clause.

*Id.* (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)) (emphasis added).

    I.    SOM has not shown the purposeful availment of New York law required by the Due Process Clause and the CPLR.

It is not enough to show that the actions of Strabala and 2Define may have had a foreseeable consequence in New York. In order to show the minimum contacts between the defendants and New York required by the Due Process Clause, SOM must show that they purposefully availed themselves of the benefits of the laws of New York such that they may reasonably anticipate being haled into New York court. *Kernan v. Kurz-Hastings, Inc.*, 175 F.3d 236, 241 (2d Cir. 1999). "To satisfy due process, a defendant's minimum contacts with the forum state must have a basis in some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *Chevron Corp. v. Donziger*, 768 F. Supp. 2d 581, 644

---

[2] The *Penguin* court did not address the situation where, as here, a co-owner of the copyright is located outside of New York. In this case, the co-owner of the copyright is located in China. (Compl. Ex. B)

6

(S.D.N.Y. 2011) The defendant's conduct and connection with the forum State must be such that he should reasonably anticipate being haled into court there." *Id.*

Such purposeful availment is also required under CPLR 302(a)(3)(ii)—which states that the plaintiff must show that the nondomiciliary expects or should reasonably expect the act to have consequences in the state—as it has been interpreted "in a manner consistent with United States Supreme Court precedent" so as "to avoid conflict with federal constitutional due process limits on state court jurisdiction." *Kernan* at 241.

In other words, to satisfy the Due Process Clause as well as New York's long arm statute, "'foreseeability must be coupled with evidence of a purposeful New York affiliation, for example, a discernible effort to directly or indirectly serve the New York market.'" *Kernan*, 175 F.3d at 241 (quoting *Schaadt v. T.W. Kutter, Inc.*, 169 A.D.2d 969, 970 (1991)).

SOM has not made any factual allegation that Strabala has attempted to reach or serve the New York architectural market. To the contrary, Strabala and 2Define Architecture have generated all of their revenue in the Asian market (91% in China alone) and none in the entire United States, much less the State of New York. (Decl. ¶ 30.) In fact, not only have Strabala and 2Define Architecture never made a single contract or otherwise done any business with any entity located in New York, they have not even communicated, orally or in writing, with any entities resident in New York about doing any business there. (*Id.* ¶¶ 8, 10, 14, 15, 18.) Further, their website does not target New York residents, or even residents of the United States. Rather, the website, while certainly viewable in the United States, refers only to offices in Shanghai, Seoul, and Chicago (which is merely a production office that

7

supports work in Asia), one of which must be contacted in order to do business with Strabala or 2Define Architecture. (*See id.* ¶¶ 24, 30.) In short, neither Strabala nor 2Define Architecture has made any purposeful effort to attract and service customers in the New York market.

More importantly, when specific jurisdiction is asserted, as it is in this case, the Due Process Clause requires that, as with the analysis under CPLR §§ 301 and 302, the claim must arise out of the defendant's minimum contacts with the state. *Chevron*, 768 F. Supp. 2d at 644; *see also Terrorist Attacks*, 740 F. Supp. 2d at 507 ("For the exercise of specific jurisdiction, due process requires that 'the defendant has purposefully directed his activities at residents of the forum, and the litigation resulted from alleged injuries that arise out of or relate to those activities.'" (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)). In short, the plaintiff's claim must arise out of the activities conducted by the defendant by which it purposely availed itself of the privilege of doing business in the forum state. *See, e.g., Parker Waichman Alonso LLP v. Orlando Firm, P.C.*, No. 09 Civ. 7401 (CM), 2010 WL 1956871, at *11 (S.D.N.Y. May 14, 2010) ("[T]o establish the requisite minimum contacts, an out-of-state defendant must have purposefully availed itself of the privilege of doing business in New York such that it could reasonably anticipate being haled into its courts. The suit must arise out of or be related to these contacts." (internal citation omitted)).

SOM alleges only that "Defendant has purposely availed himself of the protections of the State of New York by means of the New York State architecture license granted to

8

Strabala, bearing registration number 029899, currently registered through the last day of March 2012." (Compl. ¶ 15.) The problem, of course, is that there is no connection between this allegation of purposeful availment and SOM's claims, which could not have arisen from Strabala's New York architecture license because he has never entered into any contract employing that license. (Decl. ¶¶ 16, 17.) Thus, the mere fact that Strabala holds a New York license is, without more, not enough to support the exercise of personal jurisdiction over him. *See, e.g., Keston v. FirstCollect, Inc.*, 523 F. Supp. 2d 1348, 1354-55 (S.D. Fla. 2007) (finding insufficient minimum contacts where defendant collection agency maintained a registered agent in the Southern District of Florida and had a license as a Consumer Collection Agency in Florida but had never actually conducted collection activities within Florida, "especially where the cause of action is not related to these contacts"); *cf. Am. Gen. Life Ins. Co. v. Crosswhite*, No. Civ.A. H-09-1964, 2009 WL 3756956, at *7 (S.D. Tex. Nov. 6, 2009) (maintenance of Texas insurance license, which defendant had never used to conduct any business in Texas, did not support assertion of general jurisdiction over defendant).

Tellingly, aside from the website, none of the specific acts giving rise to the causes of action stated in the Complaint occurred within the United States. SOM complains of a presentation Strabala gave in Hong Kong as well as PowerPoint slides distributed at that presentation. (Compl. ¶¶ 38-42, 43-44.) SOM also asks the court to stop Strabala from giving a presentation in Qatar. (Compl. ¶ 55.)

9

In fact, much of SOM's Complaint deals with the website maintained by Strabala and 2Define Architecture, which was not an act purposefully availing themselves of the privilege of doing business in New York. In fact, SOM has not even bothered to include the website as a basis for jurisdiction in its Complaint. That is just as well because courts have held that simply "maintaining a website in a distant state that residents of New York visit does not, by itself, subject a defendant to jurisdiction in New York." *Pearson Educ., Inc. v. Shi*, 525 F. Supp. 2d 551, 556 (S.D.N.Y. 2007). Moreover, the 2Define Architecture website is a "passive" website that does nothing more than make information available by which a visitor can contact Strabala or 2Define Architecture for additional information. (Decl. ¶ 23.) "This use of the internet has been analogized to an advertisement in a nationally-available magazine or newspaper, and does not without more justify the exercise of jurisdiction over the defendant." *Citigroup Inc. v. City Holding Co.*, 97 F. Supp. 2d 549, 565 (S.D.N.Y. 2000).

In the last of its jurisdictional allegations, SOM argues that "upon information and belief, Strabala has traveled to and within the States [sic] of New York for research and development purposes." (Compl. ¶ 16.) This is insufficient to demonstrate jurisdiction over the Defendants in New York. SOM has again failed to allege any connection between its claims, which are based on uploading copyrighted images onto the Internet, and the unsupported assertion that Strabala traveled in New York for "research and business development purposes." There can be no such connection given that neither Strabala nor 2Define Architecture has ever done, or even attempted to do, any business with any entity located in New York. (Decl. ¶¶ 8, 10, 14, 15 18.)

10

Moreover, the assertion itself is legally insufficient because facts alleged "upon information and belief" cannot be credited in assessing whether a claimant has made a prima facie showing that jurisdiction exists. *Cf. Patterson v. County of Oneida, N.Y.*, 375 F.3d 206, 219 (2d Cir. 2004) (the requirement in Federal Rule of Civil Procedure 56 that affidavits be made on personal knowledge is not satisfied by assertions made "on information and belief"); *Khan v. Douglas Mach. & Tool Co.*, 661 F. Supp. 2d 437, 449 (S.D.N.Y. 2009) (statements made "upon information and belief" are insufficient to raise a triable issue of fact because they are "mere speculation not based on plaintiff's personal knowledge").

In sum, SOM has not established Strabala's minimum contacts with New York for purposes of satisfying either the fourth requirement under CPLR 302(a)(3)(ii) or the Due Process Clause.

> II. Even assuming there were minimum contacts, exercising personal jurisdiction over the Defendants in this case would be unreasonable and would violate the Due Process Clause.

Even if such minimum contacts did exist, the exercise of personal jurisdiction over Strabala would not satisfy the second component of the analysis under the Due Process Clause, because maintenance of this action in New York would "offend traditional notions of fair play and substantial justice," that is, it would be unreasonable under the circumstances of this case. *See, e.g., Chevron*, 768 F. Supp. 2d at 643. The reasonableness of exercising jurisdiction over a nondomiciliary depends on five factors:

> (1) the burden that the exercise of jurisdiction will impose on the defendant; (2) the interests of the forum state in adjudicating the case; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial

11

system's interest in obtaining the most efficient resolution of the controversy; and (5) the shared interest of the states in furthering substantive social policies.

*King County*, 769 F. Supp. 2d at 314.

Here, the burden on Strabala of litigating this action in New York would be considerable. Strabala resides in Chicago and does all of his architectural work in Asia, with his primary office being located in Shanghai. (Decl. ¶¶ 2, 5, 30.) Neither Strabala nor 2Define Architecture has an office or has done any business whatsoever in New York. (*Id.* ¶¶ 6, 8-10, 14, 15, 18, 30.) If this case is heard in New York, Strabala and 2Define would be forced to litigate in a distant forum where they do not have offices and transact no business,

Additionally, New York has only an attenuated interest in adjudicating this case. Three of SOM's four claims arise under federal law, so New York would not be vindicating its interest in interpreting its own laws. Furthermore, though SOM is formed in NY, it also has offices around the United States and the world, so New York could not be said to be vindicating the rights of one of its citizens.

Lastly, most of the witnesses and documents having information concerning SOM's allegations are located in Chicago or China, so efficient resolution of this case requires that the case not be heard in New York. Chicago and not New York is presumably the only location in the United States where SOM, 2Define, and Strabala have offices. And while SOM has an office in New York, the co-owner of the only copyrights at issue in this action is located in China, where SOM also maintains an office and where Strabala and 2Define Architecture have their primary office.

In conclusion, there is no reason for this action to be maintained in New York even if, assuming for the purposes of argument, Strabala did have minimum contacts with New York.

## CONCLUSION

In light of the foregoing, the Defendant's Motion to Dismiss for lack of personal jurisdiction under Rule 12(b)(2) should be granted, and this case should be dismissed and stricken from the Court's docket.

Respectfully submitted,

William W. Chuang (WC3050)
Jakubowitz & Chuang LLP
401 Broadway Suite 408
New York, NY 10013

*Attorneys for Defendants*

cc: Marcia B. Paul
Davis Wright Tremaine LLP
1633 Broadway
New York, NY 10019

*Attorneys For Plaintiffs*