**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **SKIDMORE, OWINGS & MERRILL LLP**<br><br>    Plaintiff,<br><br> v.<br><br>**JAY MARSHALL STRABALA,** individually and d/b/a 2Define Architecture,<br><br>    Defendant. | No. 12 C 5252<br><br>**The Honorable Marvin E. Aspen
Magistrate Judge Geraldine Soat Brown** |

## JOINT REPORT AND DISCOVERY PLAN

Counsel for the parties respectfully submit the following report and discovery plan:

1. <u>Rule 26(f) Conference</u>: Pursuant to Fed. R. Civ. P. 26(f), a meeting was held telephonically on July 31, 2012 at 3:00 PM Central Time. It was attended by Marcia B. Paul and Camille Calman for plaintiff Skidmore, Owings & Merrill LLP and Thomas D. Rosenwein for defendant Jay Marshall Strabala.

2. <u>Nature and Basis of Claims and Defenses:</u>

 a. Plaintiff's Statement: Plaintiff has brought claims of false advertising and unfair competition under the Lanham Act and common law unfair competition based on statements that defendant has made in oral presentations and on websites located at www.define-arch.com and www.flickr.com. Plaintiff believes that defendant has made and continues to make false and misleading representations about the true origin and source of certain architectural and design services and about defendant's experience and skill at providing such services, to the direct detriment of plaintiff competitor. Plaintiff has also brought a claim of copyright infringement based on defendant's reproduction,

distribution, and display of plaintiff's copyrighted material without plaintiff's permission in presentations and on the websites www.define-arch.com and www.flickr.com.

   b.  Defendant's Statement: Defendant is an internationally recognized architect and an expert in the design of super tall buildings, exhibition centers, performing arts centers and office buildings. Defendant is a principal of 2Define Architecture, which was organized in 2010 with its principal office in Shanghai. Defendant was formerly employed by plaintiff from November 1989 until February 2006. Defendant denies that he has made false and misleading representations about his architectural and design services or about his experience and skill; denies that he has engaged in "passing off" in any commercial setting; denies that plaintiff has a valid copyright or standing to bring this action; asserts that the acts charged by plaintiff are *de minimus* and not actionable; denies that he has engaged in "pitching" at conferences and that his presentations are protected by the doctrine of "fair use," scenes a faire and merger; that there is no legal basis for the claims of false advertising; that plaintiff's claims are barred by the doctrines of waiver, estoppel and acquiescence; and that plaintiff's action is an improper attempt to use litigation as a substitute for competition in the provision of architectural goods and services.

  3.  This action was originally filed in the Southern District of New York, and transferred to the Northern District of Illinois, Eastern Division, on June 22, 2012. On May 11, 2012, defendant filed a motion in the District Court for the Southern District of New York to dismiss the First Amended Complaint ("FAC") pursuant to Federal Rules of Civil Procedure Rules 12(b)(2) and 12(b)(6). The Rule 12(b)(6) portion of the motion sought to dismiss plaintiff's claims of false advertising and unfair competition under the Lanham Act. On June 21,

2012, Judge Miriam G. Cedarbaum exercised her discretion under 28 U.S.C. § 1404(a) to transfer this case to the District Court for the Northern District of Illinois. Judge Cedarbaum did not rule on the portion of the motion brought under Rule 12(b)(6). Accordingly, that issue remains ripe for decision. Defendant intends to file a revised motion to dismiss and supporting memorandum that will urge dismissal of the copyright claims as well as the claims for false advertising and unfair competition pursuant to Rule 12(b)(6) within ten (10) days of the initial status conference. Plaintiff maintains that the issue has been fully briefed and is ripe for determination by this Court without further briefing.

4. <u>Possibilities for Promptly Settling or Resolving the Case:</u> The parties discussed the possibility of settling the case. The parties concur that early settlement is in the interests of both. Plaintiff believes that referral to mediation before Magistrate Judge Geraldine Soat Brown at the earliest possible date is desirable, and consistent with the stated goals of the Early Mediation Program for Lanham Act cases in this District. Defendant believes that such referral is premature at this time, particularly as defendant has only recently retained new Illinois counsel for this matter. Plaintiff notes that Illinois counsel for defendant has represented defendant in another recent Lanham Act action brought by another employer, albeit on different facts, and thus has general familiarity with the issues in dispute. Defendant notes that the other recent Lanham Act action was dismissed pursuant to Rule 12(b)(6).

5. <u>Preservation of Evidence</u>: The parties have agreed to preserve discoverable evidence, including electronically stored information ("ESI").

6. <u>Proposed Discovery Plan:</u>

a. <u>Initial Disclosures</u>: The parties agree that the disclosures required by Fed. R. Civ. P. 26(a) shall be exchanged on or before August 24, 2012. The parties also agree to supplement the disclosures to the extent required by Fed. R. Civ. P. 26(e).

b. <u>Scope and Timing of Discovery</u>: Plaintiff preliminarily anticipates that topics of discovery will include: architectural projects that defendant has pitched or is currently pitching; speeches and presentations that defendant has made (written and oral); discovery of attendees at the Fourth Annual High-Rise Summit regarding defendant's alleged misrepresentations as described in the FAC; business that defendant has received from or is currently pitching to any attendees at defendant's presentations; any profits attributable to such business; inquiries made to the 2Define Architecture website and/or defendant's Flickr pages with regard to designing skyscrapers or other architectural projects; and general background information on defendant's education and employment history. Plaintiff will seek depositions of defendant, as well as defendant's current and potential clients.

Defendant preliminarily anticipates that, if his motion to dismiss is denied, topics of discovery will include: correspondence, sketches, meeting minutes, billing records, and other documents relating to the Burj Khalifa, Nanjing Greenland, and other architectural projects described in the FAC; all evidence of confusion that has occurred including identification of people who were allegedly confused or mislead by defendant's presentation at the Fourth Annual High-Rise Summit; all evidence of damages that plaintiff allegedly suffered from the wrongs alleged in the FAC, including financial documents related thereto; identification of persons plaintiff alleges designed the Burj

4

Khalifa, Nanjing Greenland, and other architectural projects described in the FAC; identification of plaintiff's employees who worked with defendant on the projects identified in the FAC; all contracts between plaintiff and defendant; plaintiff's personnel files on defendant; all communications regarding defendant generated by, solicited or obtained by plaintiff concerning defendant's experience and skill; publications relating to the Burj Khalifa, Nanjing Greenland, and other architectural projects described in the FAC that discuss who was responsible for, or contributed to, those projects' designs; and any other subject reasonably related to the allegations presented in the FAC and defenses thereto.

The parties agree that the deadline for amended pleadings should be 30 days after the decision on any motion to dismiss.

Plaintiff believes that fact discovery can be completed in 120 days and emphasizes that this case was originally filed on or about June 8, 2011 and has been delayed, in substantial part, by reason of defendant's alleged scheduling difficulties. Meanwhile, upon information and belief, defendant continues to make the challenged misrepresentations and to infringe plaintiff's rights to the continuing irreparable injury to SOM. Defendant believes that the parties will need 270 days to complete fact discovery as many documents and witnesses are located in China, defendant is primarily residing in China and all of defendant's clients are in China, Korea and Malaysia at present. Defendant denies that he has been responsible for delays in the action filed in the Southern District of New York, engages in alleged misrepresentations or infringements or is causing any injury, irreparable or otherwise, to plaintiff.

The parties have discussed the need for expert discovery and have tentatively agreed that such discovery will be needed. Defendant believes that fact discovery should be followed by expert discovery and that the deadline for summary judgment motions should be after the close of expert discovery. Plaintiff believes that the deadline for summary judgment motions should be after the close of fact discovery but before the close of expert discovery.

The parties agree that it is not necessary to bifurcate discovery into liability and damages phases.

c. <u>Electronic Discovery:</u> The parties anticipate that discovery in this case will involve the production of documents and ESI. The parties agree that a detailed electronic discovery plan is unnecessary at this time. The parties have preliminarily discussed producing ESI in native format but have not agreed on the form of such production as yet.

d. <u>Issues Relating to Claims of Privilege</u>: The parties agree to prepare and provide a privilege log if there are documents withheld from production on the basis of privilege. The parties agree to comply with the provisions of Fed. R. Civ. P. 26(b)(5). The parties agree that any inadvertent disclosure of privileged material in the course of discovery shall not constitute a waiver of privilege.

e. <u>Changes to Limitations on Discovery:</u> The parties agree to a maximum limit of 100 requests for admissions and to no maximum limits on requests for production of documents. The parties have not yet agreed on the maximum number or duration of depositions.

    f. <u>Any Other Orders that the Court Should Issue</u>: Plaintiff believes that the Stipulated Protective Order dated March 27, 2012 and filed in the Southern District of New York on April 26, 2012 should remain in effect. Defendant believes that the Stipulated Protective Order will likely need to be modified for purposes of this action, particularly with respect to the "Attorneys Eyes Only" portion of that Order.

  7. <u>Trial Before Magistrate Judge</u>: The parties have considered but do not at this time consent to conduct all further proceedings before a Magistrate Judge, pursuant to 28 U.S.C. § 636(c).

Dated: August 8, 2012

DAVIS WRIGHT TREMAINE LLP

By: /s/ Marcia B. Paul
Marcia B. Paul (admitted *pro hac vice*)
Camille Calman (admitted *pro hac vice*)
1633 Broadway, 27th Floor
New York, New York 10019
Telephone: (212) 489-8230
Facsimile: (212) 489-8340

SNR DENTON US LLP

By: /s/ Samuel Fifer
Samuel Fifer
Leah R. Bruno
233 South Wacker Drive, Suite 7800
Chicago, Illinois 60606-6404
Telephone: (312) 876-8000
Facsimile: (312) 876-7934

*Attorneys for Plaintiff*

Dated: August 8, 2012

GLICKMAN, FLESCH & ROSENWEIN

By: /s/ Thomas D. Rosenwein
Thomas D. Rosenwein
230 West Monroe Street, Suite 800
Chicago, Illinois 60606
Telephone: (312) 346-1080
Facsimile: (312) 346-3708

*Attorneys for Defendant*